IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**HEBER CITY COMMERCIAL II, LLC;**<br>**LEROY L. ANDERSON, III; and**<br>**JONATHAN OLCH,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO FILE PROPOSED AMENDED COUNTERCLAIM**<br><br>Case No. 2:10CV1103DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendants Heber City Commercial II, LLC, LeRoy L. Anderson, III, and Jonathan Olch's Motion for Leave to Amend Counterclaim.  The court does not believe that a hearing would significantly aid in its determination of this motion.  Having fully considered the motions, memoranda, and exhibits submitted by the parties as well as the facts and law relevant to this motion, the court enters the following Order.

      Defendants have brought a motion to amend their counterclaim under Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants proposed Amended Counterclaim seeks to add a claim for fraudulent inducement. Defendants argue that their claim is based on additional evidence they received recently by taking the deposition of Plaintiff Wells Fargo Bank's Rule 30(b)(6) witness, Steven Walker. Wells Fargo opposes Defendants' motion for leave to amend, asserting that the motion is untimely and futile.

A. Timeliness

"It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365. Defendants, however, argue that they have an adequate explanation for the delay and the delay is not undue or prejudicial. Defendants assert that they waited to seek leave to add a counterclaim for fraudulent inducement until they had enough evidence to meet the heightened pleading standards for such a claim. Although Wells Fargo disputes this explanation, the court finds it is adequate. In addition, the court does not find the delay undue or prejudicial. Defendants moved to amend when there was still over three months left of the discovery period. Although that time period has expired while the motion has been briefed and considered, the court grants the parties an additional 90 days of discovery. All other deadlines in the parties' April 27, 2012 Amended Scheduling Order will also be extended 90 days.

B.  Futile

Wells Fargo also argues that leave to amend should be denied because Defendants' counterclaim would not survive a motion for summary judgment.  Specifically, Wells Fargo contends that (1) Defendants did not reasonably rely on Walker's alleged misrepresentations; (2) the proposed amended counterclaim is barred by the parties' pre-negotiation agreement; and (3) the proposed amended counterclaim is barred by the statute of limitations.

Another court in this district, however, has warned that the "futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims."  *Clearone Communications, Inc. v. Chiang*, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).  "No matter how likely it may seem that a [party] may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it."  *Id.*

Wells Fargo does not assert that Defendants have failed to plead the counterclaim adequately under the relevant pleading standards.  And, while the legal issues Wells Fargo raises may prevail on a motion to dismiss or motion for summary judgment, those issues are better decided at that stage of the litigation.  Defendants have cited cases allowing a claim for fraud in the inducement in the face of a fully integrated contract, finding pre-negotiation agreements illusory, and allowing counterclaims to relate back to the filing date of the Complaint.  Therefore, the court does not find amendment to be futile.

Based on Rule 15's dictate to provide leave freely, the court grants Defendants' Motion for Leave to Amend Counterclaim.  Defendants shall file their Answer and Amended Counterclaim, as presented in the attachment to their motion, within five days of the date of this

Memorandum Decision and Order. As stated above, all deadlines in the parties' April 27, 2012 Amended Scheduling Order are extended by 90 days. In a separate notice, the court will notify the parties of the new dates for their final pretrial trial conference and trial.

DATED this 18th day of September, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge